# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **BRIDGET DENAE WISE** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 4:18-cv-0044-ALM-CAN |
| | § | |
| **AUTONATION, INC., LEWISVILLE** | § | |
| **IMPORTS, LTD AND BANKSTON** | § | |
| **HONDA** | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**THE HONORABLE AMOS L. MAZZANT, III**
**UNITED STATES DISTRICT JUDGE**:

COME NOW, Defendants AutoNation, Inc. (AutoNation), Lewisville Imports, Ltd. (Lewisville Imports), and Bankston Honda[1] in the above entitled and numbered cause, and file this Motion to Set Aside Clerk's Entry of Default, and ask the Court to set aside the Clerk's Entry of Default entered against them. [Dkt. 13]. In support of this Motion, Defendants would respectfully show the Court as follows:

## I.
## BACKGROUND

1. On January 17, 2018, Plaintiff filed her Complaint under Title VII of the Civil Rights Act of 1964 (Complaint). [Dkt. 1].

2. That same day, Plaintiff also filed her Motion for Leave to Proceed in Forma Pauperis. [Dkt. 3].

---

[1] Bankston Honda is not now, nor has it ever been, a legal entity. Defendant Lewisville Imports previously did business as Bankston Honda.

3. The following day, the Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis. [Dkt. 4].

4. On February 2, 2018, Summons were issued as to all Defendants. [Dkts. 5 – 7].

5. On March 8, 2018, the United States Marshals' Service Process Receipt and Return of Service for each Defendant were filed with the Court.

6. Critically for purposes of this Motion, all three returns indicated that the Summons was served on "Management Personnel" for each Defendant at 601 Waters Ridge Drive, Lewisville, TX 75057. [Dkts. 9 – 11].

7. On March 8, 2018, Plaintiff moved for Clerk's Entry of Default against all Defendants. [Dkt. 12].

8. Pursuant to Plaintiff's request, the Clerk signed the Entry of Default that same day. [Dkt. 13].

9. Defendants now move to set aside the Clerk's Entry of Default and seek leave to file responsive pleadings to the Complaint within 21 days from the entry of an Order granting this Motion.

## II.
## ARGUMENT & AUTHORITIES

10. In the Fifth Circuit, default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

11. "For good cause shown the court may set aside an entry of default...." Fed. R. Civ. P. 55(c) (emphasis added). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally". *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991) (internal citation omitted). Three factors are examined for determining "good cause" *vel non*: (1) whether the failure

to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Id*. (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors may be considered, such as whether the party acted expeditiously to correct the default. *Id.*

12. Relief from default is within the discretion of the district court. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969)). In reviewing the exercise of that discretion, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments...." *Rogers v. Hartford Life and Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999) (quotations omitted). Accordingly, "when there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant...." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir.2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960)).

**A.  Defendants were not served and the Clerk's Entry of Default is therefore void.**

13. Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Further, "[w]ithout proper service, there is no personal jurisdiction over [a] defendant, and thus, the Court has 'good cause' to set aside the default as it is 'void.'" *Schopp v. Results Nat'l LLC*, 4:16-cv-00890-ALM-KPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017); *see also Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (noting that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside".)

14.     The Federal Rules of Civil Procedure allow for service on a corporate defendant by either: (1) delivering a copy of the summons and complaint to an officer or registered agent of the company; or (2) following state law for service of a summons in courts of general jurisdiction. *See* Fed. R. Civ. P. 4(h). Texas law likewise requires service on a corporation by delivery of the summons and complaint to an officer (specifically, either the president or vice president) or registered agent of the corporation. *See* Tex. Bus. Org. Code §§ 5.201(b) & 5.255(1). For foreign corporations with no registered agent in Texas, service may be made on the Texas Secretary of State. *See id.* §§ 5.251 & 5.252. Finally, Texas law requires service on partnerships by serving at least one general partner of a limited partnership. *See* Tex. Civ. Prac. & Rem. Code § 17.022; *see also* Tex. Bus. Org. Code § 5.255(2).

15.     Here, Plaintiff failed to properly serve any Defendant. The returned summons for all Defendants indicates that service was made upon "Management Personnel" by certified mail at 601 Waters Ridge Drive, Lewisville, Texas 75057.

16.     AutoNation is a Delaware corporation with its principal place of business at 200 SW 1st Avenue, Fort Lauderdale, Florida 33301. *See* Exhibit A. Its registered agent for service of process is Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301. *See id.* Plaintiff failed to serve the President, any of its vice-presidents, or any other officer of AutoNation or its registered agent. Plaintiff also did not serve the Secretary of State on behalf of AutoNation.[2]

17.     Lewisville Imports, a Texas limited partnership, has its principal place of business at 1925 West John Carpenter Freeway, Suite 325, Irving, Texas 75063, and its registered agent is Corporation Service Company located at 211 East 7th Street, Ste. 620, Austin, Texas 78701. *See*

---

[2] Declaration of Brian Davis, Exhibit B, at paragraph 4.

Exhibit C. Bankston Honda does not exist. Lewisville Imports previously did business as Bankston Honda but ceased to do so in 2012. *See* Exhibit D; *see also* Exhibit B, at paragraph 3. Plaintiff did not serve any general partner or officer of Lewisville Imports or its registered agent. Plaintiff also did not serve the Secretary of State on behalf of Lewisville Imports.[3]

18.     Because Plaintiff's attempt to serve improper persons at improper locations failed to comply with Rule 4(h), Defendants were never served. Defendants had no notice of the allegations against them or their obligation to timely respond to these allegations. As such, Defendants have established good cause to set aside the Clerk's Entry of Default. *See* Fed. R. Civ. P. 55(c). Furthermore, because Defendants were not properly served, the Court does not have jurisdiction over Defendants, and the Clerk's Entry of Default must be set aside. *See Schopp*, 2017 WL 6030081, at *2.

**B.     Good cause exists to set aside the Clerk's Entry of Default.**

In addition to Defendants' contention that the Clerk's Entry of Default is void for Plaintiff's failure to properly serve any Defendant, good cause also exists under the Fifth Circuit factors to set aside the Entry of Default. Those three factors examined for determining "good cause" are: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim or defense has been presented. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). All three factors weigh in favor of finding that good cause exists to set aside the Clerk's Entry of Default.

   *i.     Defendants did not willfully fail to file a responsive pleading.*

On January 31, 2018, Plaintiff emailed AutoNation and Lewisville Imports personnel

---

[3] Exhibit B, at paragraph 5.

claiming that she had filed a lawsuit and that service of process was forthcoming. *See* Dkt. 14-1, at p. 1 (warning that "[t]he United States Marshall will be serving AutoNation papers on my behalf concerning a Civil Suit that has already been filed in Federal Court against AutoNation as of January 2018."). Neither the Summons nor the Complaint were attached to that email. As a result of the January 31 email, Defendants began actively monitoring the status of service of this alleged, pending matter. But, Defendants were never properly served with Summons or a copy of the Complaint. *See supra.* Upon learning of the Clerk's Entry of Default from outside counsel on March 10, 2018, Defendants were still awaiting service of process.[4]

AutoNation is a publicly traded company with over 300 affiliated dealerships nationwide. Defending against lawsuits filed by its affiliated dealerships' employees is not novel to AutoNation or its in-house legal team. To insure that deadlines are met, Defendants utilize Thomson Reuters Serengeti Legal Tracker to manage all active litigation for its affiliated dealerships. However, because Defendants were never served, the responsive pleadings deadline was never set in Serengeti or calendared by counsel. Defendants were not negligent or willful in failing to timely file a responsive pleading; instead, Defendants were completely unaware of any deadline to file a responsive pleading because they were never properly served with process.[5]

  ii. *Setting aside the Clerk's Entry of Default would not prejudice Plaintiff.*

19. In reviewing a district court's order setting aside a default judgment, the Fifth Circuit noted that "the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping injunction it obtained, not after trial and upon proofs but without a trial and by default.

---

[4] Exhibit B, at paragraph 6.

[5] Exhibit B, at paragraph 7.

**DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** Page 6
4585490.2

All that the order, of which appellant so bitterly complains, has done is to give the defendants their day in court." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

20. The same is true here. The Court's setting aside of the Clerk's Entry of Default will do no harm to Plaintiff except requiring her to prove her case at trial, just as every other litigant must do. Defendants ask that the Court grant them their day in Court and set aside the Clerk's Entry of Default.

  *iii. Defendants have meritorious defenses to Plaintiff's claims.*

21. At this stage, a party seeking to set aside an entry of default "must demonstrate that it has a meritorious defense such that the outcome of the litigation could be different if it were allowed to proceed to trial on the merits." *Owens-Illinois, Inc v. T & N Ltd.,* 191 F.R.D. 522, 526 (E.D. Tex. 2000) (internal citations omitted). However, the defaulting party "need not prove that it will likely succeed on the merits; rather, it need only establish that the evidence submitted, if proven at trial, would constitute a defense." *Id.* (internal citations omitted). "The requirement of a meritorious defense is only intended to ensure that the Court's order vacating the [entry of default] is not an exercise in futility." *Id.* Here, Defendants can present defenses sufficient to show that the outcome of the litigation could be different at trial.

22. First, and most critically, Defendants deny that any of them discriminated against Plaintiff based on her race, sex, or disability and further deny that they retaliated against her due to her disability. Second, Plaintiff's complaint is barred, in whole or in part, because the Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise. Third, Defendants contend that, to the extent that Mr. Allan did share information out of an email, such action does

not rise to the level of an adverse employment action under Title VII or the ADA. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006) (requiring that an employer's actions would have been materially adverse to a reasonable employee). Fourth, even assuming that Plaintiff's allegations are true, which they are not, Defendants alleged treatment of Plaintiff was not "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002). Finally, and without waiving further defenses in this matter, AutoNation denies that it ever acted as Plaintiff's employer.

23. These contentions clearly demonstrate that Defendants' have meritorious defenses "such that the outcome of the litigation could be different if [they] were allowed to proceed to trial on the merits." *Owens-Illinois,* 191 F.R.D. at 526.

24. Considering the foregoing, Defendants have clearly established that: (1) the failure to act was not willful; (2) setting the default aside would not prejudice Plaintiff; and (3) they have meritorious defenses. *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Defendants have also acted expeditiously in attempting to cure the default. *Id.*[6]

**WHEREFORE, PREMISES CONSIDERED**, Defendants hereby request this Court set aside the Clerk's Entry of Default and grant Defendants leave to file responsive pleadings to the Complaint within 21 days after the entry of an Order granting this Motion. Defendants further request such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

---

[6] Further, upon learning of the Clerk's Entry of Default, Defendants immediately took to steps to defend itself in this matter and move the Court to set aside the Clerk's Entry of Default. *See Effjohn*, 346 F.3d at 563 (stating that a court may also consider whether a party acted expeditiously to correct the default).

Respectfully submitted,

GRAY REED & McGRAW LLP

By: _/s/Ruth Ann Daniels_
    Ruth Ann Daniels
    Texas Bar No.: 15109200
    rdaniels@grayreed.com
    Marcus Fettinger
    State Bar No.: 24078500
    mfettinger@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Facsimile)

***ATTORNEYS FOR DEFENDANTS, AUTONATION, INC., LEWISVILLE IMPORTS, LTD AND BANKSTON HONDA***

## CERTIFICATE OF SERVICE

I certify that on March 15th, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all persons who have consented in writing to accept service of this document by electronic means.

                _/s/Marcus Fettinger_
                Marcus Fettinger

## CERTIFICATE OF CONFERENCE

I certify that on March 14th, 2018, I discussed the relief sought in this Motion with Plaintiff Bridget Denae Wise who then indicated to me that she is **OPPOSED** to the relief sought in this Motion.

                _/s/ Marcus Fettinger_
                Marcus Fettinger