IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIDGET DENAE WISE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:18-CV-44-ALM-CAN |
| | § | |
| v. | § | |
| | § | |
| AUTONATION, INC., | § | |
| LEWISVILLE IMPORTS LTD, | § | |
| and BANKSTON HONDA, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants' Motion to Set Aside Clerk's Entry of Default [Dkt. 15]. Having reviewed the Motion and the Response, the Court recommends that the Motion to Set Aside Clerk's Entry of Default be **GRANTED**, and the Clerk's entry of default be set aside.

**RELEVANT BACKGROUND**

Plaintiff filed the instant suit on January 17, 2018, in the Eastern District of Texas against Defendants AutoNation, Inc., Lewisville Imports LTD, and Bankston Honda, alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964 on the basis of race, gender, and disability status, and seeking $10,000,000 and such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees [Dkt. 1]. Plaintiff prepared service of process, and summons were issued to each of Defendants AutoNation, Lewisville Imports, and Bankston Honda [Dkts. 5-7]. On March 8, 2018, Plaintiff filed returns of service representing that each of Defendants were served on February 12, 2018, by and through Aaron Leal, Management Personnel, 601 Waters Ridge Drive, Lewisville, TX 75057 [Dkts. 9-11]. Defendants did not thereafter answer or otherwise respond. *See* Fed. R. Civ. P. 12(a)(1)(A).

Following Defendants' failure to answer or otherwise respond to Plaintiff's complaint, on March 8, 2018, Plaintiff sought and a Clerk's entry of default was entered against all Defendants [Dkts. 12-13]. On March 12, 2018, Plaintiff further filed "Supporting Documents for Default Judgment" [Dkt. 14]. On March 15, 2018, within one week of the Clerk's entry of default, Defendants moved to set aside the Clerk's entry of default [Dkt. 15], arguing primarily that they had not yet been properly served. On March 20, 2018, Plaintiff filed a Response in Opposition to Defendants' Motion to Set Aside Clerk's Entry of Default [Dkt. 17].

## ANALYSIS

Having reviewed the totality of the record, the Court recommends the Clerk's entry of default be set aside. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. Fed. R. Civ. P. 55(a). However, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[T]he requirement of 'good cause'. . . ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id*.

Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). In light of these guiding principles, the Court finds Defendants have shown good cause, and default is not appropriate.

Defendants contend that they were never served with process. In addition to lack of proper service, Defendants argue that they have meritorious defenses to Plaintiff's claims, acted immediately to remedy the situation once they were notified of the entry of default, and that setting aside the default would not unfairly prejudice Plaintiff [Dkt. 15 at 5-7].

Plaintiff argues that the failure to answer was willful, and that Defendants had actual notice of the suit. More specifically, Plaintiff asserts that even if service was not delivered to the proper address, it was delivered to a convenient location, and between their receipt of her emails regarding the civil suit and the confirmation of delivery of service of process to Lewisville Imports LTD's location, Defendants cannot argue that they were not apprised of the suit [Dkt. 17 at 5].

The record at present appears to reflect that Defendants AutoNation and Lewisville Imports have not yet been properly served.[1] The Federal Rules of Civil Procedure allow for service on a corporate defendant by either: (1) delivering a copy of the summons and complaint to an officer or registered agent of the company; or (2) following state law for service of a summons in courts of general jurisdiction. *See* Fed. R. Civ. P. 4(h). Texas law requires service on a corporation, such as AutoNation, Inc., by delivery of the summons and complaint to an officer (specifically, either the president or vice president) or registered agent of the corporation. *See* Tex. Bus. Org. Code §§ 5.201(b) & 5.255(1). Additionally, Texas law requires service on limited

---

[1] Defendants allege that Bankston Honda is not now, nor has it ever been, a legal entity. Defendants aver that Defendant Lewisville Imports previously did business as Bankston Honda.

REPORT AND RECOMMENDATION — Page 3

partnerships, such as Lewisville Imports LTD, by serving at least one general partner of the limited partnership. *See* Tex. Civ. Prac. & Rem. Code § 17.022; *see also* Tex. Bus. Org. Code § 5.255(2).

Herein, the Court ordered Plaintiff to prepare summons on Defendants. Plaintiff prepared summons directed to "Management Personnel" at 601 Waters Ridge Drive, Lewisville, TX 75057. The service returns were executed by a party who was not a proper person for receipt of service. Service on AutoNation and Lewisville Imports LTD therefore appears to be inadequate.[2] *Allison v. Raytheon*, 2010 U.S. Dist. LEXIS 139086 (E.D. Tex. 2010) (holding that where an employee of a corporation who is not an authorized agent for receiving service of process receives service, service on the defendant was inadequate).

Plaintiff failed to properly serve any Defendant. Without proper service, there is no personal jurisdiction over [a] defendant, and thus, the Court has 'good cause' to set aside the default as it is 'void.'" *Schopp v. Results Nat'l LLC*, 4:16-cv-00890-ALM-KPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017); *see also Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (noting that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside"). Moreover, notwithstanding Plaintiff's contention that Defendants had actual notice of Plaintiff's suit (even if not properly served), "[a]ctual notice to a defendant, without proper service,

---

[2] Per the Declaration of Mr. Brian Davis, Defendant AutoNation "is a Delaware corporation with its principal place of business at 200 SW 1st Avenue, Fort Lauderdale, Florida 33301" [Dkts. 19 at 4; 19-1]. Its registered agent for service of process is Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301[Dkt. 19-1]. By serving "Management Personnel" at 601 Waters Ridge Drive, Lewisville, TX 75057, Plaintiff failed to serve the President, a vice-president, or any other officer of AutoNation or its registered agent, and failed to serve the Secretary of State on behalf of AutoNation. Defendant Lewisville Imports, a Texas limited partnership, "has its principal place of business at 1925 West John Carpenter Freeway, Suite 325, Irving, Texas 75063, and its registered agent is Corporation Service Company located at 211 East 7th Street, Ste. 620, Austin, Texas 78701" [Dkts. 15 at 4; 15-3]. Bankston Honda no longer exists [Dkt. 15 at 5], but Lewisville Imports previously did business as Bankston Honda but ceased to do so in 2012 [Dkts. 15-2, 15-4]. By serving "Management Personnel" at 601 Waters Ridge Drive, Lewisville, TX 75057, Plaintiff did not serve any general partner or officer of Lewisville Imports or its registered agent, and did not serve the Secretary of State on behalf of Lewisville Imports.

is not sufficient to convey upon the court jurisdiction to render default judgment against him," and that is true even though Plaintiff is *pro se*. *Kingman Holdings, LLC v. U.S. Bank Nat'l Ass'n*, 2016 U.S. Dist. LEXIS 58469 (*quoting Wilson v. Dunn*, 800 S.W.w2d 833, 836 (Tex. 1990)).

And while Plaintiff further argues Defendants' failure to answer was willful, she provides no facts in support of such contention other than her assertion that Defendants had actual notice of this cause. There is simply no indication that setting aside default at this juncture would prejudice Plaintiff. This case is in its infancy and should proceed on the merits. Defendants' Motion to Set Aside Clerk's Entry of Default should be granted, and the Clerk's Entry of Default should be set aside.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Set Aside Clerk's Entry of Default [Dkt. 15] be **GRANTED**, and the Clerk's Entry of Default be set aside.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of May, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE