# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIDGET DENAE WISE | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-44 |
| | § | (Judge Mazzant/Judge Nowak) |
| AUTONATION INC., LEWISVILLE | § | |
| IMPORTS, LTD., BANKSTON HONDA | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 22, 2018, the report of the Magistrate Judge (Dkt. #18) was entered containing proposed findings of fact and recommendations that Defendants AutoNation, Inc. and Lewisville Imports, LTD's Motion to Set Aside Clerk's Entry of Default (Dkt. #15) be granted and the Clerk's Entry of Default be set aside. Having received the report and recommendation of the Magistrate Judge (Dkt. #18), having considered Plaintiff's objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**BACKGROUND**

Plaintiff filed suit on January 17, 2018, against Defendants AutoNation, Inc., Lewisville Imports LTD, and Bankston Honda for race, gender, and disability status discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Dkt. #1). Plaintiff prepared service of process, and summonses were issued to each of Defendants (Dkts. #5–#7). Returns of service were filed on March 8, 2018 (Dkts. #9–#11). Defendants did not thereafter answer or otherwise respond.

On March 8, 2018, Plaintiff filed a Request for Clerk's Entry of Default; Clerk's Entry of Default was entered against all Defendants March 8, 2018 (Dkts. #12, #13). On March 12, 2018, Plaintiff filed "Supporting Documents for Default Judgement" (Dkt. #14). On March 15, 2018, Defendants moved to set aside the Clerk's Entry of Default (Dkt. #15). On the same day, Plaintiff filed "Plaintiff(s) [sic] Entry of Unemployment Documents in Support for Default Judgement" (Dkt. #16). On March 20, 2018, Plaintiff responded to Defendants' Motion (Dkt. #17). On May 22, 2018, the Magistrate Judge entered a report and recommendation (Dkt. #18), recommending that Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. #15) be granted and the Clerk's Entry of Default be set aside because Defendants had not yet been properly served. On June 4, 2018, Plaintiff filed her "Plaintiff(s) [sic] Objection to the Magistrate Judge Recommendation to Set Aside Clerk's Entry of Default" (Dkt. #19).

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Plaintiff contends that the Magistrate Judge incorrectly found that: (1) Defendants' failure to answer was not willful; and (2) Plaintiff would not be prejudiced by setting aside default (Dkt. #19).

*Excusable Neglect*

Plaintiff objects that the Magistrate Judge was incorrect in finding that Defendants' failure to answer or otherwise respond was not willful. Plaintiff specifically argues that Defendants had actual notice of the suit by virtue of Plaintiff's email to Defendants. Plaintiff posits that Defendants demonstrated willfulness by refusing to respond to her emails or the lawsuit after receipt of her email (Dkt. #19 at pp. 1–2). Plaintiff further points out that the email reflects that "Legal Senior

2

Vice President Coleman Edmunds was one of the recipients that received it" and "that same email was also forwarded to Lance Iserman (EVP and COO) and Mike Johnson (CEO) later the exact same day" (Dkt. #19 at p. 2). As noted by the Magistrate Judge, actual notice does not replace proper service of process. *See Kingman Holdings, LLC v. U.S. Bank Nat'l Ass'n*, 2016 WL 1756508 (E.D. Tex. May 3, 2016) ("[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him") (*quoting Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Moreover, to set aside an entry of default, the court considers: "(1) whether the default resulted from excusable neglect; (2) whether setting aside the entry of default. . . would prejudice the adversary; and (3) whether a meritorious defense is presented." *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2016 WL 5704172, at *1 (N.D. Tex. Oct. 3, 2016) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). The email in question, sent by Plaintiff to Defendants, explicitly acknowledged that the Complaint had not yet been served on Defendants, and also did not have attached to it a copy of the summons or Plaintiff's Complaint. *See Goldstein v. Gordon*, 2002 WL 324289, at *4–5 (N.D. Tex. February 27, 2002) (the defendant's receipt of an email from the plaintiff's counsel telling him that a lawsuit had been filed, but attaching no summons and complaint, did not constitute actual notice sufficient to prove willfulness). As the *Goldstein* court noted, "Defendants were not required to scour the Court's records in order to locate and read a copy of the complaint filed against them" – as a publicly traded company with over 300 affiliated dealerships nationwide, it would be impractical for Defendants to do so. *Id.* at *5. As such, Defendants' receipt of Plaintiff's referenced email does not indicate Defendants acted intentionally or negligently.

Defendants provided additional evidence indicating that they were not negligent or intentional regarding their failure to respond to the suit. As Defendants note in their Motion,

> [t]o insure that deadlines are met, Defendants utilize Thomson Reuters Serengeti Legal Tracker to manage all active litigation for its affiliated dealerships. However, because Defendants were never served, the responsive pleadings deadline was never set in Serengeti or calendared by counsel. . . Defendants were completely unaware of any deadline to file a responsive pleading because they were never properly served with process.

(Dkt. #15). Defendants' failure to respond to the lawsuit does not reflect culpable conduct; it was neither negligent or willful. Therefore, the default in this case resulted from excusable neglect.

*Prejudice*

Furthermore, excusable neglect is only one of the several factors courts consider to determine whether there is good cause to set aside a default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Plaintiff also argues that the Magistrate Judge erred in finding that there was "no indication that setting aside default at this juncture would prejudice Plaintiff" (Dkt. #19 at p. 1). To support her assertion of prejudice, Plaintiff states only that "forcing [her] to move forward" by proceeding on the merits rather than rendering a default judgment "will indeed cause mental and physical harm to [her] personally, as well as a great prejudice towards [her]" (Dkt. #19 at p. 3). This is insufficient. As the Fifth Circuit found in *Lacy*,

> [t]here is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained. . . without a trial and by default."

227 F.3d at 293 (*quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)); *see also Fazeli v. Dallas MTV, LLC*, 2017 WL 1426334, at *3 (N.D. Tex. April 21, 2017) (citing *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)) ("Requiring a plaintiff to litigate the merits of the claim is insufficient prejudice to allow a default to stand.").

Plaintiff has failed to allege sufficient facts that she would be prejudiced by having to proceed on the merits. The Clerk's Entry of Default should be set aside.

## CONCLUSION

Having considered each of Plaintiff's objections, and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #18) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants AutoNation, Inc. and Lewisville Imports, LTD's Motion to Set Aside Clerk's Entry of Default (Dkt. #15) is **GRANTED** and the Clerk's Entry of Default (Dkt. #13) is hereby set aside.

**IT IS SO ORDERED**.

SIGNED this 17th day of August, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE